**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SARAH HOUK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-444 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Defendant's Motion for Summary Judgment (Doc. 11) will be granted, and Plaintiff's

Motion for Summary Judgment (Doc. 9) will be denied.

Plaintiff (hereinafter, "Claimant") has filed this social security appeal, challenging the

ALJ's decision dated January 14, 2012.  *See generally* Compl. (Doc. 1); ALJ's Decision,

R. at 12-21.  Claimant seeks disability insurance benefits, and she must demonstrate disability on

or before December 31, 1996.  *See* ALJ's Decision, R. at 13-14 (holding same based on

Claimant's earning records).

The ALJ found that Claimant suffered the severe impairments of seronegative

rheumatoid arthritis, inflammatory bowel disease, and migraine headaches, but that these

conditions did not, as of December 31, 1996, preclude Claimant from performing a limited range

of light work.  *See* ALJ's Decision, R. at 16.[1]  The vocational expert testified that an individual

---

[1]  The ALJ found Claimant capable of performing light work, subject to the following
limitations:  no use of bilateral upper extremities for overhead reaching, unsupported forward
extension, or rapid, repetitive motion; only incidental (defined as not more than one-sixth of an

with Claimant's limitations could perform jobs existing in significant numbers in the national economy, and the ALJ found Claimant not disabled at step five of the sequential analysis. *See id.* at 20-21.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor unsupported by substantial evidence.  Accordingly, the Court will limit its discussion to the single point of error alleged by Claimant.  Specifically, Claimant argues that the ALJ failed to provide adequate support for his determinations regarding Claimant's credibility.  *See* Pl.'s Br. (Doc. 10) at 5-11.

In his decision, the ALJ found Claimant's subjective reports of symptomatology lacking credibility, but only to the extent that they were inconsistent with his determination regarding her residual functional capacity ("RFC").  R. at 19.  He also found inconsistencies between Claimant's reported symptoms the medical reports corresponding to the relevant timeframe (*i.e.*, before December 31, 1996), and he found that, although the inconsistencies may not have resulted from a "conscious intention to mislead," they "nevertheless suggest[ed] that the information provided by [C]laimant generally may not be entirely reliable."  *Id.*  The ALJ's credibility determinations were supported by substantial evidence.

As to Claimant's arthritic/musculoskeletal conditions, the ALJ noted that, as of December 31, 1996, Claimant had not complained to her treating physicians of limiting pain. *See id.* at 18.  A review of the medical records cited by the ALJ supports this conclusion. *See* PCP's treatment notes dated Dec. 14, 1995 (R. at 526) (Claimant was "physically active," and had "[n]ormal" motor-skills, sensory perception and gait); PCP notes dated Jan. 4, 1996

---

eight hour work shift) postural maneuvers, including stooping, kneeling, crawling, crouching, balancing and climbing; avoidance of all hazards, including unprotected heights and dangerous machinery; and work allowing a sit-stand option.  *Id.*

(R. at 407) (Claimant "[was a]ble to perform exercise activity for 30 minutes without complaint"); notes of Pl.'s orthopedic physician dated July through Sept. 1996 (R. at 452) (rheumatoid test results were "insignificant at [that] time," and Claimant had "very good relief" from injections to osteoarthritic knees)[2]; and PCP notes dated Oct. 31, 1996 (noting no "subjective" complaints regarding aforementioned conditions; Claimant sought treatment only for minor, unrelated conditions).

As to Claimant's migraine headaches, the ALJ correctly noted that she had a *history* of that condition, that it had been exacerbated by a medication she had been taking, and that her symptoms improved once the medication was discontinued. *Compare* ALJ's Decision, R. at 18 *with* PCP notes dated Jan. 4, 1996 (R. at 407) (observing same).

Finally, as to Claimant's digestive tract issues, the ALJ summarized medical records demonstrating that post-surgical examination revealed that Claimant had tolerated her procedures well, she was placed on a regular diet and was having spontaneous stools. *See* ALJ's Decision, R. at 18 (citing medical records). At no time during the relevant disability period did Claimant report the more-severe symptoms referenced during her administrative hearing, nor did any of her treating physicians reference limitations regarding her ability to work, and the ALJ's conclusion regarding her credibility in this regard was well-supported. *See* discussion *supra*; *cf. also generally* Hearing Tr., R. at 58-61 (Claimant counsel's examination of vocational expert)

---

[2] Although the ALJ listed as "severe" Claimant's rheumatoid arthritis (in the abdomen), as opposed to her osteoarthritis (in her knees), Claimant's counsel does not argue that the ALJ erred in failing to separately identify the knee condition at stage two of the sequential evaluation. *See* Pl.'s Br. at 9-10 (discussing knee condition only within context of ALJ's credibility determination). Even had Claimant challenged this aspect of the ALJ's decision, the record makes clear that the ALJ specifically addressed Claimant's osteoarthritic/knee condition and explained why it did not result in limitations beyond those described in his RFC determination. *See* ALJ's Decision, R. at 18 (discussing osteoarthritis in knees) *and id.* at 16 (including in RFC evaluation limitations on Claimant's postural maneuvering, including significant restrictions on stooping, kneeling, crawling, crouching, balancing and climbing).

(including, in hypothetical question to expert, purported limitations regarding Claimant's arthritic condition(s) and migraine headaches, but excluding purported limitation that Claimant would require extra-frequent bathroom visits).

The ALJ's credibility determination enjoyed the support of substantial evidence, and Claimant's arguments to the contrary are unpersuasive.  Although her brief purports to identify medical reports undermining the ALJ's conclusions,[3] those reports either, (a) actually support the ALJ's decision (indeed, some of them are cited above), or (b) confirm merely the existence of medical conditions that the ALJ himself acknowledged as "severe" at stage two of the sequential analysis.  None of the cited records undermine the ALJ's credibility determination, and the ALJ's decision otherwise enjoyed the support of substantial evidence.

For these reasons, the Commissioner's decision hereby is AFFIRMED, and the Court enters the following:

## II.  ORDER

Plaintiff's Motion for Summary Judgment (**Doc. 9**) is **DENIED**, and Defendant's Motion for Summary Judgment (**Doc. 11**) is **GRANTED**.

IT IS SO ORDERED.

June 28, 2013                                     s\Cathy Bissoon_____
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All counsel of record

---

[3]  *Cf.* Pl.'s Br. at 9-10.